IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Mark A Hazel,<br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration)<br>Defendant. | Case No. 9:10-cv-02488-RMG<br><br>ORDER |

Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying Plaintiff disability insurance benefits. In accordance with 28 U.S.C. §636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge recommended reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner. (Dkt. No. 24). Defendant has objected to the Magistrate Judge's Report and Recommendation. (Dkt. No. 26). Having conducted a *de novo* review of this matter and reviewed the Commissioner's objections, the Court reverses the decision of the Commissioner and remands this matter as set forth below.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. § 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of administrative actions." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a solid foundation for the [Commissioner's] findings . . . ." *Vitek v. Finch*, 438 F.2d at 1157-58. Moreover, "[w]e cannot determine if findings are unsupported by substantial evidence unless the [Commissioner] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). This requires the Commissioner "to indicate explicitly the weight accorded to various medical reports in the record." *Id.* at 236. *See also, DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)("The Secretary must present us with the findings and determinations sufficiently articulated to permit meaningful judicial review".).

## Background

Plaintiff initially filed his application for disability insurance benefits on April 19, 2006 and

-2-

claimed a period of disability from September 30, 2004, on or about the date Plaintiff suffered a stroke of the right basil ganglia. (Tr. 240, 307). On advice and with assistance of counsel, Plaintiff amended the alleged date of onset to March 7, 2007, his 50th birthday. Plaintiff's application for benefits was administratively denied and he timely appealed that decision. An Administrative Law Judge ("ALJ") conducted an evidentiary hearing in this matter on November 5, 2008. Plaintiff's attorney requested a post hearing consultive examination, which the ALJ denied. The ALJ issued a decision on December 2, 2008 finding that the Plaintiff was not disabled under the Social Security Act. (Tr. 14-22). In reaching that decision, the ALJ found that Plaintiff's "severe impairments" under 20 C.F.R. § 404.1521 *et seq.* included "neurological residuals status post cerebrovascular accident" but then concluded that "[s]ince the claimant's onset date of March 7, 2007, the medical evidence fails to reveal any ongoing neurological deficits." (Tr. 17, 20).[1] The ALJ also noted that while "the record reveals the possibility of obstructive sleep apnea, there is no evidence of any formal testing for this condition." (Tr. 17).

Plaintiff then sought review by the Appeals Council and submitted new diagnostic evaluations relating to the residual neurological affects of Plaintiff's 2004 stroke and his obstructive sleep apnea. This included a neuropsychological evaluation by Dr. Randy Waid, a licensed clinical psychologist and clinical associate professor at the Medical University of South Carolina, performed on March 26 and April 8, 2009. (Tr. 311-17). Dr. Waid concluded, after extensive formal testing, that Plaintiff suffered from a cognitive disorder "primarily affecting attentional/immediate capacities

---

[1] Plaintiff testified at his hearing before the ALJ on November 5, 2008 that he had quit working subsequent to his stroke because "I just wasn't able to keep up with the work anymore." (Tr. 29). When asked by the hearing officer when his stroke had occurred, Plaintiff was unable to remember the year, explaining "[s]ome things I can remember right off the bat now and some things I've got to go back and look at an old paper." (Tr. 29).

secondary to the sustainment of a cerebrovascular accident." (Tr. 317). Dr. Waid's testing revealed significant impairments in memory, testing at the 10th percentile or below in a number of areas evaluating immediate memory functioning. (Tr. 314-15). These results caused Dr. Waid to conclude that Plaintiff had "slow information/mental processing speed," which compromised his ability to sustain attention and concentration. (Tr. 317). Dr. Waid further diagnosed "residual left-side hemiparesis" which he concluded was "post cerebral accident." *Id.* Dr. Waid found Plaintiff had "marked" difficulties "in maintaining concentration, persistence or pace" and that his prognosis for returning to full time work "guarded to poor". (Tr. 321-22). Plaintiff also submitted a diagnostic sleep study performed on February 1, 2009 by Dr. John Rucker and Dr. Thomas Kaelin which concluded that Plaintiff had "very severe obstructive sleep apnea." (Tr. 353-54).

The Appeals Council on August 27, 2010 denied Plaintiff's request for review. (Tr. 1-5). The Appeals Council listed the newly produced neuropsychological and sleep disorder studies submitted by Plaintiff and stated that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-2). The Appeals Council did not specifically address the findings in these newly produced studies or state the weight given this new information. Plaintiff thereafter timely brought this action challenging the decision of the Commissioner denying him disability benefits.

## Discussion

This action demonstrates a significant procedural flaw in the evaluation of newly produced evidence at the Appeals Council stage of disability disputes under the Social Security Act. By regulation, a claimant can submit "new and material" evidence to the Appeals Council after the ALJ's decision has been rendered. 20 C.F.R. § 404.970(b). Under settled Fourth Circuit law, this

new evidence presented to the Appeals Council becomes part of the record if it is "not duplicative or cumulative" and "there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 953 F.2d 93, 95-96 (4th Cir. 1991). Further, settled Fourth Circuit law requires that the Commissioner "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d at 235.[2]

In this matter, the newly produced evidence is clearly not "duplicative or cumulative" because the ALJ explicitly noted the absence of medical evidence since the alleged date of onset of disability of March 7, 2007 revealing "any ongoing neurological deficits" and any formal testing of "the possibility of obstructive sleep apnea." (Tr. 17, 20). Further, this new evidence, finding that Plaintiff has significant ongoing deficits from his 2004 stroke that impair his ability to concentrate and remember recently learned information, has the possibility of changing the outcome of this disability decision.[3] However, the denial of the request for review by the Appeals Council fails to

---

[2] It is notable that if relevant medical evidence is presented to the ALJ, it must be explicitly evaluated and weighed by the fact finder. Further, under certain circumstances, the District Court can remand a Social Security disability decision to the Commissioner to consider new and material evidence offered for the first time at the District Court level of the proceeding. 42 U.S.C. § 405(g). Such "new and material" evidence would then have to be weighed by the fact finder on remand. However, under the Commissioner's argument set forth in this action, "new and material" evidence produced for the first time at the Appeals Council stage, while explicitly authorized by regulation, 20 C.F.R. § 404.970(b), would be in an evidentiary "black hole" where no weighing of this "new and material" evidence would be required. The Commissioner offers no justification for this limited consideration and weighing of potentially probative evidence simply because of its presentation to the Appeals Council rather than the ALJ or the District Court.

[3] The record taken before the ALJ contained the opinion of Plaintiff's treating physician, Dr. G.S. Way, that Plaintiff was disabled from work as well as the opinion of a disability examiner, Dr. Kwame Iwegbue, that the claimant's "residual hemiparesis in his left side significantly impairs him from continuing to work." (Tr. 194, 230-31). Other reports from chart reviewers concluded that Plaintiff was not disabled from work. (Tr. 199-205, 216-23). The ALJ, based on the record then before her, found the chart review reports and other medical records

address with any specificity these potentially significant new findings or indicate the weight given these new medical reports.

The duty of the Appeals Council to address "new and material" evidence produced to it has been the source of considerable discussion by the courts within the District of South Carolina. The Fourth Circuit has issued conflicting holdings in unpublished opinions regarding the duty of the Appeals Council to address newly produced evidence and indicate the weight given such new evidence. *See, Thomas v. Commissioner*, 24 Fed. Appx. 158, 2001 WL 1602103 (4th Cir. 2001) (Appeals Council must address newly produced evidence); *Hollar v. Commissioner*, 194 F. 3d 1304 (4th Cir. 1999) (Appeals Council has no duty to articulate own assessment of new evidence). Under an analogous statutory scheme for Black Lung benefits, the Fourth Circuit held in *Jordon v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978) that a summary statement by the Appeals Council that new evidence has been considered is insufficient for the reviewing court to provide substantial evidence review of the Commissioner's decision.

In *Harmon v. Apfel*, 103 F.Supp.2d 869, 871-72 (D.S.C. 2000), Chief Judge David Norton addressed the difficulty of a reviewing court to make a substantial evidence review of the Commissioner's denial of disability benefits where the Appeals Council received new information and failed to "articulate its own assessment of the additional evidence." Judge Norton noted the difficulty of providing substantial evidence review of "evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." *Id.* at 871. Judge Norton remanded the case to the

---

supportive of the view that Plaintiff was not disabled. None of these medical reports or evaluations then in the record involved the formal testing of neurological function conducted by Dr. Waid or the sleep disorder studies conducted by Drs. Rucker and Kaelin.

-6-

Commissioner "for further development of the record consistent with the Order." *Id.* at 874-75. This decision has been widely followed in the District of South Carolina. *Oliverira v. Astrue*, 2011 WL 1831768 (D.S.C. 2011); *Sapienza v. Astrue*, 2010 WL 3781998 (D.S.C. 2010)( J. Herlong); *Raymond v. Astrue*, 2009 WL 632317 (D.S.C. 2009) (J. Blatt). *But see, Meyer v. Astrue*, 2010 WL 1257626 (D.S.C. 2010)(Judge Joe Anderson, noting the conflict of authority, declines to address because the new information submitted to the Appeals Council was not material).

The Court finds that the newly submitted neuropsychological report of Dr. Waid and the sleep study report of Drs. Rucker and Kaelin were "new and material" and were subject to review by the Appeals Council. 20 C.F.R. § 404.970(b). Since these new reports became part of the formal record, the Commissioner, through the Appeals Council or on remand to the ALJ, had the duty "to indicate explicitly the weight accorded' to the newly produced medical reports. *Gordon v. Schweiker*, 725 F.2d at 236. The failure of the Commissioner to explicitly address and weigh this new and material evidence requires reversal of the Commissioner's decision and remand.

The Court further finds, as a separate and independent basis for reversal and remand, that the Commissioner's findings are not supported by substantial evidence in the record. Specifically, the ALJ's decision, which became the Commissioner's decision upon the denial of review by the Appeals Council, found that there was no medical evidence in the record of "ongoing neurological deficits" since the alleged date of onset of March 7, 2007. (Tr. 20). In light of Dr. Waid's detailed report, which was prepared in 2010, this obviously is no longer a correct statement of the record. (Tr. 311-25). Further, the ALJ found that "there is no evidence of any formal testing" of obstructive sleep apnea in the record. (Tr. 17). With the submission of the sleep disorder study of Drs. Rucker and Kaelin, this is also not an accurate statement of the record. (Tr. 353-54). Therefore, the Court finds

that the Commissioner's findings regarding the absence in the record of post-March 2007 evidence of neurological deficits or formal obstructive sleep apnea studies are not supported by substantial evidence, mandating reversal and remand of the Commissioner's decision.[4]

## Conclusion

Based on the above, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further consideration as outlined in this Order.

**AND IT IS SO ORDERED.**

September 28, 2011
Charleston, SC

Richard M. Gergel
United States District Court

---

[4] The Magistrate Judge addressed in considerable detail a conflict in the testimony of the Vocational Expert and the Dictionary of Occupational Titles ("DOT"). (Dkt. No. 24 at 9, n. 4). Under SSR 00-4p, the ALJ was required to address on the record the discrepancy and to obtain an explanation from the Vocational Expert. Although the ALJ stated in her decision she had made such an inquiry on the record, the transcript of the hearing fails to reveal any discussion of this issue. (Tr. 22, 43-46). The ALJ is directed on remand to address this discrepancy in the DOT and the Vocational Expert's testimony and to comply with the requirements of SSR 00-4p.